CR 12 (Rev. 9/82)　　　　　　　　WARRANT FOR ARREST　　AUSA Zloch/DEA/RAJA

| United States District Court | DISTRICT Southern District of Florida |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ROGELIO VERA | DOCKET　　　　MAGISTRATE CASE NO. |
| | NAME AND ADDRESS OF INDIVIDUAL TO BE<br>Rogelio Vera<br>1740 Carson Avenue<br>Lake Worth, FL 33460<br>DOB: 4/29/1964　SSN: 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<br>Hispanic W/M |
| WARRANT ISSUED ON THE BASIS OF:<br>　　　　x　Order of Court | |
| TO:<br>United States Marshals Service or any other authorized representative | DISTRICT OF<br>CITY |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person

### DESCRIPTION OF CHARGES

Defendant did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, cocaine.

| IN VIOLATION OF | UNITED STATES CODE<br>21 | SECTION<br>841(a)(1) |
|---|---|---|
| BAIL FIXED BY COURT<br>PTD | OTHER CONDITIONS OF RELEASE | |
| ORDERED BY<br>JAMES M. HOPKINS<br>UNITED STATES MAGISTRATE JUDGE | SIGNATURE (JUDGE)/U.S.<br>*James M. Hopkins* | DATE<br>12-3-03 |
| CLERK OF COURT<br>CARLOS JUENKE | (BY) DEPUTY CLERK | DATE ISSUED<br>12/4/03 |

RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING | SIGNATURE OF ARRESTING OFFIVER |
|---|---|---|
| DATE EXECUTED | | |

[1] United States Judge or Judge of a State Court of Record

<u>ROGELIO VERA</u>
DEFENDANT

Pretrial detention is recommended as to the defendant.

*/s/* _____
WILLIAM T. ZLOCH
ASSISTANT UNITED STATES ATTORNEY

PMartin:/DUTY/Bond Rec

## AFFIDAVIT

I, Sanjay Raja, a Task Force Agent with the Drug Enforcement Administration (DEA), United States Department of Justice (DOJ), being duly sworn, depose and state the following:

1.  I am a Task Force Officer with the Drug Enforcement Administration (DEA) and have been so since January 2003. I am presently assigned to the West Palm Beach Resident Office (WPBRO). I am employed with the City of Lake Worth Police Department since February 2000. I currently have over three years of law enforcement experience and have received extensive training in the areas of narcotics trafficking and money laundering. During your affiant's law enforcement career, I have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as the methods used to finance drug transactions and launder drug proceeds.

2. The facts as set forth below are based upon my personal knowledge, review of documents, and information from other police officers. Because this affidavit is submitted for the limited purpose of showing probable cause for the criminal compliant, I have not included details of every aspect of this investigation.

3. On November 3, 2003, at approximately 4:44 a.m., Lake Worth Police Officer Lonney Moral, who was on patrol, was dispatched to the area of 1850 Pierce Drive, Lake Worth, Florida, in reference to a suspicious person/disturbance call. Officer Moral arrived at the location and saw a silver Dodge truck bearing Florida Tag A39-DED parked at the intersection of Pierce and Vernon. Officer James Knapp also from the Lake Worth Police Department arrived at the location. A computer check on the Dodge truck's tag revealed that it was registered to Rogelio VERA. As the Officers approached the Dodge truck, they

noticed that it was occupied by one individual whom Officer Moral recognized from prior contact as Rogelio VERA. Rogelio VERA was sitting in the driver's seat of the truck with the engine running. The Officers heard Rogelio VERA yelling and appeared to them to be arguing with himself. Officer Moral approached the driver's side of the truck and identified himself to Rogelio VERA. Officer Moral asked Rogelio VERA what was wrong and what was going on. It should be noted that the driver's side window was down and the truck's interior light was on. During this time, Officer Moral, who also had a flashlight, saw pieces of a white, rock-like substance sitting on top the center console of the front passenger area of the truck. Officer Moral based on his training and experience recognized these objects to be "rocks" of "crack" cocaine. Officer Moral told Rogelio VERA to exit the truck. As Rogelio VERA was getting out of the truck, Rogelio VERA stated "I'm sorry, I relapsed. I haven't smoked crack in seven years, now I relapsed." Office Moral field tested a portion of the suspected crack cocaine that was on top of the center console receiving a positive result for the presence of cocaine. Officer Moral then placed Rogelio VERA under arrest and secured him in the backseat of his patrol car.

4. The officers then searched the truck incident to Rogelio VERA's arrest. Officer Moral found additional pieces of suspected "crack" cocaine on both the seat and driver's side floorboard. Officer Moral opened the center console and found one bag containing five (5) individual clear plastic baggies. The five (5) individual bags each contained large chunks of compressed white powder which Officer Moral recognized from his training and experience to be cocaine powder. Each baggie contained approximately one (1) ounce of cocaine powder. Directly under the five (5) baggies of cocaine was a folder labeled "TAXES" and

"ROGER" which contained paperwork belonging to Rogelio VERA. Officer Moral located a briefcase behind the front passenger seat which contained two more clear plastic baggies. One plastic baggie contained suspected cocaine powder and weighed approximately one (1) ounce. The other plastic baggie contained an adulterant which your affiant knows from training and experience to be used as "cut" for cocaine for resale and distribution purposes. Officer Moral field tested a portion of the suspected cocaine from each bag receiving a positive result for the presence of cocaine while processing it at Lake Worth Police Department.

5. Officer Moral also located, among other things, a "Pepsi" can which was manipulated into a smoking device for crack cocaine on the ground outside of the passenger side of the truck

That in light of the above, your affiant believes that there exists sufficient probable cause that Rogelio VERA has violated Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Task Force Officer Sanjay Raja
Drug Enforcement Administration

Sworn and subscribed to before me this
4th day of December, 2003.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

3